UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5449-CAS(PLAx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | ESSENCE IMAGING INC. V. ICING IMAGES LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION (Dkt. #43, filed Feb. 28, 2014)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of April 14, 2014, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

Plaintiff Essence Imaging, Inc. filed this action in this Court on July 29, 2013, against defendants Icing Images, LLC ("Icing"), Deborah Coughlin, Michael Coughlin, Theresa Happe, and A-J Winbeckler Enterprises.  The operative first amended complaint ("FAC") asserts claims under Section 32 of the Lanham Act, 15 U.S.C. § 1114, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500.  Plaintiff also asserts a claim for civil conspiracy.

Plaintiff filed a motion for a preliminary injunction on February 28, 2014, seeking to enjoin allegedly false advertising by defendants Deborah Coughlin and Icing.  Dkt. #43.  Coughlin and Icing filed a joint opposition on March 24, 2014, dkt. #49, and plaintiff replied on March 31, 2014, dkt. #55.[1]  After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] In its reply, plaintiff objects to certain evidence provided by Coughlin and Icing in support of their opposition to plaintiff's motion.  Plaintiff's objections are OVERRULED as moot because the Court does not rely on the evidence to which objection is made in ruling on this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5449-CAS(PLAx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | ESSENCE IMAGING INC. V. ICING IMAGES LLC, ET AL. | | |

## II.   BACKGROUND

Plaintiff alleges that it is a California Corporation with its principal place of business in Walnut, California.  FAC ¶ 4.  It also does business under the name of "Edible Supply."  Id. ¶ 5.  Plaintiff asserts that it has been in the business of providing edible inkjet printing supplies since 2009.  Tsai Decl. ¶ 2.  Icing is a Virginia limited liability company, with its principal place of business in Winchester, Virginia.  Coughlin Decl. ¶¶ 1, 3.  Deborah Coughlin is the managing member and owner of Icing.  Id.  Like plaintiff, Icing is in the business of selling edible printing equipment and supplies.  Coughlin Decl. ¶ 3.

Plaintiff asserts that, since 2009, it has been the only supplier of edible ink cartridges that are "sponge-free."  Tsai Decl. ¶¶ 6-7.  According to plaintiff, sponge-free ink cartridges are more desirable because they are less likely to have germs and bacteria, they are "more economical for consumers," and they are easier to refill.  Id. ¶ 8.  Plaintiffs assert that, because of these benefits, consumers prefer to purchase edible ink cartridges that do not contain sponges.  Id. ¶ 9.

Shen Hsun Tsai, the chief executive officer of plaintiff, asserts that he has personally examined cartridges sold by Icing, and has determined that the cartridges contain sponges.  Tsai Decl. ¶¶ 13-14.  Plaintiff asserts that Icing and Coughlin are nonetheless falsely advertising, via the internet, that their edible ink cartridges do not contain sponges.  Id. ¶ 12.  Plaintiff seeks to enjoin Coughlin and Icing from "making false claims that the edible ink cartridges they sell are 'sponge free' when in fact the products contain sponges."  Mot. Prelim. Inj. at 2.[2]

## III.   LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375 (2008).  The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting

---

[2] In the interests of simplicity, the Court will refer to Coughlin and Icing as "defendants" for the rest of this order.  Thus, any reference to defendants in section IV does not include  Michael Coughlin, Theresa Happe, or A-J Winbeckler Enterprises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5449-CAS(PLAx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | ESSENCE IMAGING INC. V. ICING IMAGES LLC, ET AL. | | |

preliminary injunctions in <u>Winter</u> as follows:  "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009); <u>see also</u> <u>Cal Pharms. Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest."  <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1053 (9th Cir. 2010).  A "serious question" is one on which the movant "has a fair chance of success on the merits."  <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1421 (9th Cir. 1984).

## IV.    DISCUSSION

### A.    Likelihood of Success on the Merits

To prevail on a claim under the FAL, a plaintiff must prove that (1) the defendant made untrue or misleading statements and (2) the defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.  <u>VP Racing Fuels v. Gen. Petroleum Corp.</u>, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009).[3]  To have standing to bring a claim under the FAL, "a private plaintiff must show that it 'has suffered injury in fact and has lost money or property as a result of'" the defendant's false advertising.  <u>Pom Wonderfull LLC v. Coca-Cola Co.</u>, 679 F.3d 1170, 1178 (9th Cir. 2012).  A plaintiff's obligation to show that it "lost money or property" is the equivalent of a requirement that "a plaintiff . . . must demonstrate some form of economic injury" as a result of the defendant's conduct.  <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 323 (2011).  This requirement is "substantially narrower than federal standing under Article III" of the United States Constitution.  <u>Id.</u> at 324.

---

[3] Plaintiff appears to seek this preliminary injunction solely on the basis of its claim under the FAL.  <u>See</u> Mot. Prelim. Inj. at 4 ("Plaintiff is likely to succeed [in proving] that defendants . . . made [a] false advertising statement.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5449-CAS(PLAx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | ESSENCE IMAGING INC. V. ICING IMAGES LLC, ET AL. | | |

The gravamen of plaintiff's claim under the FAL is that defendants are falsely advertising, via the internet, that their edible ink cartridges do not contain sponges. Tsai Decl. ¶ 12. Defendants argue that plaintiff has failed to demonstrate a likelihood of success on the merits of this claim because it provides no evidence of statutory standing to bring an FAL claim. Specifically, defendants argue that plaintiff provides no evidence of economic injury stemming from defendants' conduct. The Court agrees. Plaintiff contends in its memorandum in support of its motion for a preliminary injunction that it is "losing sales to Defendants' falsely advertised claims," but this contention is unsupported by any evidence. See Tsai Decl.; Tsai Reply Decl. Accordingly, plaintiff has not made the requisite evidentiary showing of economic injury, and therefore has not established a likelihood of success on the merits of its claim under the FAL. E.g., Tseng v. Home Depot USA, Inc., 2006 WL 521723, at *3 (W.D. Wash. Mar. 2, 2006) (noting that arguments of counsel and "conclusory factual statements . . . are improper in support of [a] motion for preliminary injunction").[4]

### B.    Irreparable Harm

Plaintiff argues that it is suffering irreparable harm, in the form of lost sales, from defendants' allegedly false advertising. This argument lacks merit for the reason stated in Section IV(A) above, namely, that it is based on a conclusory assertion, unsupported by evidence. See Am. Passage Media Corp. v. Cass Commc'ns., 750 F.2d 1470, 1473 (9th Cir. 1985) (noting that statements that are "conclusory and without sufficient support in facts" are an insufficient basis for finding irreparable harm). Moreover, even if plaintiff were to provide evidence of lost sales, this type of injury would not constitute irreparable harm because it is compensable in money damages. See Aurora World, Inc. v. Ty Inc., 719 F. Supp. 2d 1115, 1169 (C.D. Cal. 2009) ("Loss of sales alone will not support a finding of irreparable injury 'because acceptance of that position would require a finding of irreparable harm to every' plaintiff regardless of circumstances."(citing Reebok Intern. Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1557 (Fed. Cir. 1994))); see also Premier Nutrition, Inc. v. Organic Food Bar, Inc., 475 F. Supp. 2d 995, 1007 (C.D. Cal. 2007) ("Mere

---

[4] In light of plaintiff's failure to provide evidence of economic injury, the Court need not address whether plaintiff has established a likelihood of showing that defendants' advertisements are false.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-5449-CAS(PLAx) | Date | April 9, 2014 |
|---|---|---|---|

| Title | ESSENCE IMAGING INC. V. ICING IMAGES LLC, ET AL. |
|---|---|

financial injury does not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.").[5]

Additionally, plaintiff filed the present motion on February 28, 2014, approximately seven months after commencing this action. This delay "necessarily suggest[s] that a lack of urgency exists," and therefore tends to negate plaintiff's assertion of irreparable harm. See Kerr Corp. v. N. Am. Dental Wholesalers, Inc., 2011 WL 2269991, at *3 (C.D. Cal. June 9, 2011) (noting that delay of eight months between commencement of action and motion for preliminary injunction weighed against finding irreparable harm); Hansen Beverage Co. v. Vital Pharmaceutical, Inc., 2008 WL 5427601, at *6 (S.D. Cal. Dec. 30, 2008) ("Delays in requesting an injunction, whether for months or years, tend to negate a claim of irreparable harm."). For these reasons, the Court finds that plaintiff has not established that it is likely to suffer irreparable harm if an injunction is not issued.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for a preliminary injunction without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[5] Since plaintiff has not established a likelihood of success on the merits or irreparable harm, the Court need not address whether the balance of the equities tips in plaintiff's favor or whether the issuance of a preliminary injunction would be in the public interest. Cf. Painsolvers, Inc. v. State Farm Mut. Auto Ins. Co., 685 F. Supp. 2d 1123, 1139 (D. Haw. 2010) ("Because Plaintiff has failed to establish a likelihood of irreparable harm, the Court need not consider its likelihood of success on the merits, the balance of the equities, or the public interest."); Malaney v. UAL Corp., 2010 WL 3790296, at *14 (N.D. Cal. 2010).